UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| APRIL B.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:22-cv-1629-MJD-JMS |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, | ) ) |
| | ) |
| Defendant. | ) |

**ENTRY ON JUDICIAL REVIEW**

Claimant April B. requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act.  See 42 U.S.C. §§ 423(d), 1382.  For the reasons set forth below, the Court **REVERSES** the decision of the Commissioner.

**I. Background**

Claimant applied for DIB and SSI in August of 2020, alleging an onset of disability as of June 1, 2020.  [Dkt. 11-2 at 17.]  Claimant's application was denied initially and upon reconsideration, and a hearing was held before Administrative Law Judge David Read ("ALJ")

---

[1] In an attempt to protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

on September 17, 2021.  *Id.*  On November 9, 2021, ALJ Read issued his determination that Claimant was not disabled.  *Id.* at 26.  The Appeals Council then denied Claimant's request for review on June 15, 2022.  [Dkt. 13 at 2.]  Claimant timely filed his Complaint on August 17, 2022, seeking judicial review of the ALJ's decision.  [Dkt. 1.]

## II. Legal Standards

To be eligible for benefits, a claimant must have a disability pursuant to 42 U.S.C. § 423.[2]  Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  To determine whether a claimant is disabled, the Commissioner, as represented by the ALJ, employs a sequential, five-step analysis: (1) if the claimant is engaged in substantial gainful activity, she is not disabled; (2) if the claimant does not have a "severe" impairment, one that significantly limits her ability to perform basic work activities, she is not disabled; (3) if the claimant's impairment or combination of impairments meets or medically equals any impairment appearing in the Listing of Impairments, 20 C.F.R. pt. 404, subpart P, App. 1, the claimant is disabled; (4) if the claimant is not found to be disabled at step three, and is able to perform her past relevant work, she is not disabled; and (5) if the claimant is not found to be disabled at step three, cannot perform her past relevant work, but can perform certain other available work, she is not disabled.  20 C.F.R. § 404.1520.  Before continuing to step four, the ALJ must assess the claimant's residual functional capacity ("RFC")

---

[2] DIB and SSI claims are governed by separate statutes and regulations that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to those that apply to DIB.

2

by "incorporat[ing] all of the claimant's limitations supported by the medical record." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019).

In reviewing Claimant's appeal, the Court will reverse only "if the ALJ based the denial of benefits on incorrect legal standards or less than substantial evidence." *Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). Thus, an ALJ's decision "will be upheld if supported by substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019).

An ALJ need not address every piece of evidence but must provide a "logical bridge" between the evidence and his conclusions. *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015). This Court may not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). Where substantial evidence supports the ALJ's disability determination, the Court must affirm the decision even if "reasonable minds could differ" on whether Claimant is disabled. *Id.*

### III. ALJ Decision

The ALJ first determined that Claimant had not engaged in substantial gainful activity since the alleged onset date of June 1, 2020. [Dkt. 11-2 at 19.] At step two, the ALJ found that Claimant had the following severe impairments: "anxiety and panic disorder; post-traumatic stress disorder (PTSD); asthma (20 CFR 404.1520(c) and 416.920(c))." *Id.* at 20. At step three, the ALJ found that Claimant's impairments did not meet or equal a listed impairment during the relevant time period. *Id.* at 20-21. The ALJ then found that, during the relevant time period, Claimant had the residual functional capacity ("RFC")

> to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she can tolerate frequent exposure to dusts, odors, and pulmonary irritants. She can perform simple, routine, and repetitive tasks, but not at a production rate pace

(e.g. assembly line work). She cannot interact with the public and can tolerate occasional interaction with coworkers. She can tolerate occasional changes in tasks or demands.

*Id.* at 22.

At step four, the ALJ found that Claimant was not able to perform her past relevant work during the relevant time period. *Id*. at 24-25.  At step five, the ALJ, relying on testimony from a vocational expert ("VE"), determined that Claimant was able to perform jobs that exist in significant numbers in the national economy. *Id*. at 25-26.  Accordingly, the ALJ concluded Claimant was not disabled. *Id.* at 26.

## IV. Discussion

Claimant argues that the ALJ erred by rejecting certain opinions of two state agency psychologists without providing an adequate reason for doing so.  [Dkt. 13 at 11.]  In doing so, Claimant asserts that the ALJ's RFC fails to incorporate all of Claimant's limitations.  *Id*.  The Court agrees.

In November 2020, state agency psychologist Dr. Maura Clark, Ph.D., found that Claimant had moderate limitations regarding her ability to set realistic goals or make plans independently of others, interact appropriately with the general public, complete a normal workday or workweek, and perform at a consistent pace without an unreasonable number and length of rest periods. [Dkt. 11-3 at 16-19.] In April 2021, Dr. Donna Unversaw, Ph.D., concurred with the limitations laid out by Dr. Clark. [Dkt. 11-3 at 51.] Further, in the narrative portion of their reports, Dr. Clark and Dr. Unversaw both opined as follows:

> The evidence suggests that claimant can understand, remember, and carry out detailed, but not complex tasks. The claimant can relate on a superficial and ongoing basis with co-workers and supervisors. The claimant can attend to tasks for a sufficient period to complete tasks. The claimant can manage the stresses involved with detailed work-related tasks.

[Dkt. 11-3 at 38, 59.]

In his decision, ALJ Read stated that he was "not persuaded" by the opinions of Dr. Clark and Dr. Unversaw for the following reasons:

> [C]laimant frequently presents depressed and anxious moods, and has reported difficulty interacting with others on a regular basis. The claimant testified that she struggles with changes in routine and managing stress and that while she is working part-time, she has called off or left work early on several occasions already. The claimant reports hypervigilance and mistrust of others. Additionally, the claimant reported the need for reminders to tend to personal hygiene tasks, take medications, and complete household tasks.

[Dkt. 11-2 at 24.] While this explanation is less than clear, the only reasonable reading of it is that the ALJ rejects the State agency psychologists' opinions because he finds Claimant to be **more** limited than they do based on the evidence he cites.

After rejecting the psychologists' opinions, ALJ Read found that Claimant was moderately limited in interacting with others and mildly limited in concentrating, persisting, or maintaining pace. [Dkt. 11-2 at 21.] His RFC determination then limited Claimant to "simple, routine, and repetitive tasks, but not at a production rate pace," but "[no] interact[ion] with the public" and only "occasional interaction with coworkers." *Id.* at 22. The ALJ did not acknowledge the state agency psychologists' findings regarding Claimant's ability to set realistic goals or make plans independently of others, interact appropriately with the general public, complete a normal workday or workweek, and perform at a consistent pace without an unreasonable number and length of rest periods; nor does his RFC appear to account for those findings.

It is well established that a "'reviewing court should not have to speculate as to the basis for the RFC limitations.'" [Dkt. 13 at 13] (quoting *Moore v. Colvin*, 743 F.3d 1118, 1127-28 (7th Cir. 2014)). Claimant argues that "[t]here is nothing in the ALJ's purported medical opinion

5

analysis to allow a reviewing court to understand why the ALJ found the [State agency psychologists'] opinions unpersuasive." [Dkt. 13 at 13.]  The Court agrees.  To the extent that ALJ Read was "not persuaded" by the opinions of Dr. Clark and Dr. Unversaw, [Dkt. 11-2 at 24.], the ALJ explained that it was because he found Claimant to be more restricted than the State agency psychologists did in her ability to understand, remember, or apply information and interact with others. His explanation does not at all address why he reached a different conclusion than the State agency doctors regarding Claimant's ability to complete a normal workday or workweek without significant breaks or absences and the other limitations listed above.  This can hardly be considered harmless error; given the VE's testimony regarding an individual who would miss work on a regular basis, the ALJ's determination regarding Claimant's ability to complete a normal workweek or workday could be case determinative. Specifically, in response to one of ALJ's hypotheticals regarding Claimant's limitations, the VE opined that workplaces would not tolerate an individual missing more than two days per month or being off task more than fifteen percent of the time.  [Dkt. 11-2 at 58-62.]

  The Commissioner argues that the ALJ sufficiently supported his RFC finding with a narrative discussion of the record evidence that ties that evidence to the limitations discussed in the RFC. [Dkt. 14 at 6-8.] While this is a proper description of what is required of the ALJ pursuant to SSR 96-8p, that is not what the ALJ did. Here, the ALJ failed to acknowledge many of the limitations provided by State Agency psychologists or provide any explanation as to why he chose to exclude them. Because of this, the ALJ's narrative explanation, which he is required to provide under SSR 96-8p, falls short of the ALJ's obligations. Such an insufficient explanation does not provide the necessary insight into the ALJ's reasoning, nor does it convince the Court

that meaningful consideration of Claimant's disability application has taken place. This error requires remand.

## V. Conclusion

For the reasons stated above, the Commissioner's decision is **REVERSED** and **REMANDED for further proceedings consistent with this Order**.

SO ORDERED.

Dated: 8 AUG 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.